UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK BAILEY, | : | |
|     Plaintiff, | : | PRISONER CASE |
| | : | NO. 3:11-cv-1553 (JCH) |
| v. | : | |
| | : | |
| CHRISTOPHER CORBETT, et al., | : | May 9, 2012 |
|     Defendants. | : | |

INITIAL REVIEW ORDER
OF AMENDED COMPLAINT (Doc. No. 12)

On November 2, 2011, the court entered an Initial Review Order dismissing the claims in the original complaint against defendants John A. Connelly, DeShawn Billings, Doe #1 and Doe #4. On January 10, 2012, the plaintiff filed an Amended Complaint, naming five defendants, Christopher Corbett, Michael Puffer, John Connelly, DeShawn Billings, and Esther Torres and withdrawing his claims against all remaining John Doe defendants.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of a complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Accordingly, the court reviews the Amended Complaint.

In conducting this review, the court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the

claims and the grounds upon which they are based, and to demonstrate a right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Although the court previously dismissed all claims against defendants Connelly and Billings, the plaintiff has included them in the Amended Complaint. The court dismissed the claims against defendant Connelly because the plaintiff alleged no facts supporting a libel claim against defendant Connelly under state law. See Initial Review Order (Doc. No. 5) at 6. The plaintiff alleges no new facts against defendant Connelly. Accordingly, all claims against defendant Connelly are dismissed for the reasons stated in the November 2, 2011 Initial Review Order.

The plaintiff attempts to clarify his claims against defendant Billings by adding allegations of conduct in violation of state and federal law. At this time, the court will allow the claims against defendant Billings to proceed.

The plaintiff also has included Esther Torres as a defendant. He alleges that she made a late referral to probation, resulting in the plaintiff's placement at the St. Vincent DePaul homeless shelter where the dormitory conditions aggravated his mental illness and exposed him to bedbugs. The plaintiff also alleges that defendant Torres denied him gate money, denied him proper identification after he changed his name, and

repeatedly undermined the prison grievance procedure.  He implies that she took these actions because he had named her in a prior lawsuit.  Thus, to the extent that the Amended Complaint may be construed to state claims against defendant Torres under state and federal law, the case will proceed against her at this time.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against defendant John Connelly are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)     The **Pro Se Prisoner Litigation Office shall** verify the current work addresses for defendants Billings and Torres and mail waiver of service of process request packets to these defendants within **fourteen (14) days** of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If either defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants Billings and Torres shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this Order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims included in the Amended Complaint. They also may include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(9)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 9th day of May 2012, at Bridgeport, Connecticut.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge