UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK BAILEY, | : | |
|     Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 3:11-cv-1553 (JCH) |
| | : | |
| CHRISTOPHER CORBETT, et al., | : | MARCH 12, 2013 |
|     Defendants. | : | |

**RULING RE: DEFENDANT PUFFER'S MOTION FOR
SUMMARY JUDGMENT (Doc. No. 37)**

The plaintiff, Mark Bailey ("Bailey"), alleges in his Amended Complaint that defendant Michael Puffer ("Puffer"), a writer for the Republican American Newspaper, included false statements in a newspaper article. Defendant Puffer has filed a Motion for Summary Judgment. For the reasons that follow, defendant Puffer's Motion is granted.

**I.   STANDARD OF REVIEW**

A Motion for Summary Judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law. See Rule 56(a), Fed. R. Civ. P.; In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing--that is pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). He must

present such evidence as would allow a jury to find in his favor in order to defeat the Motion for Summary Judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a Motion for Summary Judgment.  Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).  However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a Motion for Summary Judgment.  Harvey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008).

II.     **FACTS**[1]

The plaintiff served a ten-year term of imprisonment under the name Mark Jarecke.  He was released from custody on August 17, 2010.  On October 19, 2010, the plaintiff was referred to the Morris Foundation for a third attempt at substance abuse evaluation and mental health assessment.  While he was on probation, the plaintiff was required to undergo urinalysis testing.  He tested positive for cocaine on October 19, 2010, and on November 2, 2010.  From his release on August 2010, until December 13, 2010, the plaintiff remained unemployed.  On December 13, 2010, a robbery occurred at the TD Bank in downtown Waterbury.  The plaintiff was arrested and charged with the robbery.  He does not deny that he robbed the bank.

Defendant Michael Puffer is a reporter for the Republican American, a daily newspaper published by The American-Republican, Inc.  A local bank robbery and the arrest and prosecution of the suspect in the robbery are matters of public interest and public concern.  Defendant Puffer wrote an article about the bank robbery and the arrest

---

[1] The facts are taken from defendant Puffer's Local Rule 56(a)1 Statement.  Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  See D. Conn. L. Civ. R. 56(a)2 & 56(a)3.

Despite receiving notice of his obligation to respond to defendant Puffer's Motion for Summary Judgment and the contents of a proper response, the plaintiff has not provided a proper Local Rule 56(a)2 Statement in opposition to the Motion.  Instead, he has filed an objection to the court's Ruling on his Motion for Reconsideration in which he includes argument in opposition to two pending Motions for Summary Judgment and a section entitled "Facts in Dispute" in which he includes facts relating to the two separate Motions.  See Doc. No. 79.  Accordingly, defendant Puffer's facts are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

and prosecution of the suspect. He followed his usual reporting procedures in researching and writing the article, including speaking with Captain Christopher Corbett, the Public Information Officer of the Waterbury Police Department. In that role, Captain Corbett is the designated police spokesperson. He communicates with members of the media to provide public information about arrests and criminal investigations.

Defendant Puffer's article was published in the Republican American newspaper on December 15, 2010. The plaintiff contends that the article was defamatory because it stated that the plaintiff spent the stolen $200.00 on crack cocaine, stated that he lived at the Cherry Street Sober House until a month before the robbery, identified the plaintiff by a former non-legal name, and alleged that he was guilty without affording him due process.

Captain Corbett told defendant Puffer that the plaintiff's legal name was Mark Jarecke, that the plaintiff spent the money on crack cocaine, and that the plaintiff had lived at a halfway house on Cherry Street after he was released from prison. Defendant Puffer made no statements in the article alleging or inferring that the plaintiff was guilty.

### III.   DISCUSSION

Defendant Puffer moves for summary judgment on the ground that the plaintiff's defamation claim fails as a matter of law. The asserted defenses of truth, neutral reportage, and fair comment are dispositive of all claims.

The plaintiff must allege facts demonstrating four elements to state a prima facie case of defamation: "'(1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered

injury as a result of the statement.'"  Lynch v. Ackley, No. 3:12cv537(JBA), 2012 WL 6553649, at *9 (D. Conn. Dec. 14, 2012) (quoting Cweklinsky v. Mobil Chem. Co., 267 Conn. 210, 217 (2004)).

If the plaintiff is a public figure, he also must show that the statements were made with "actual malice."  New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964).  The plaintiff can demonstrate actual malice "by showing the defendant made the statement with knowledge the statement was false or with reckless disregard for whether it was false or not."  Lynch, 2012 WL 6553649, at *9 (citing Holbrook v. Casazza, 204 Conn. 336, 342, 528 A.2d 774 (1987)).  "A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention."  Wolston v. Reader's Digest Ass'n, Inc., 443 U.S. 157, 168 (1979) (declining to accept contention that "any person who engages in criminal conduct automatically becomes a public figure for purposes of comment on a limited range of issues relating to his conviction).

Federal courts within this circuit have not determined whether criminal conduct transforms a person into a limited purpose public figure.  Only one state court case has addressed the issue.  In that case, the plaintiff was charged with carrying a pistol without a permit and attempting to commit first degree assault against a Superior Court judge and his wife.  The court considered the case to be high profile and concluded that the plaintiff was a limited purpose public figure required to prove actual malice to prevail on a defamation claim for a statement describing the plaintiff as mentally ill and dangerous.  See Fuller v. Day Pub. Co., No 030565104, 2004 WL 424505, at *5 (Conn. Super. Ct. Feb. 23, 2004).

While the plaintiff here did inject himself into the public spotlight by robbing the bank, it is not clear that this case is a sufficiently high profile matter to consider the plaintiff a limited purpose public figure. Defendant Puffer merely assumes this to be the case. See Def.'s Mem., Doc. No. 37-1, at 9 n.3. For purposes of deciding this Motion, the court does not consider the plaintiff a limited purpose public figure and does not require that he show actual malice. Even where the plaintiff is a private person, however, the Supreme Court has held that states cannot impose liability for defamation without requiring some showing of fault. See Gertz v. Robert Welch, Inc. 418 U.S. 323, 347-48 (1974) (This approach . . . recognizes the strength of the legitimate state interest in compensating private individuals for wrongful injury to reputation, yet shields the press and broadcast media from the rigors of strict liability for defamation.").

Defendant Puffer first argues that the plaintiff fails to set forth a prima facie defamation claim. As defendant Puffer's defenses are dispositive, the court will, for purposes of this Ruling, move directly to addressing the defenses.[2]

Because falsity is an essential element of any defamation claim, the truth of the statement is a defense. See Abdul-Salaam v. Lobo-Wadley, 665 F. Supp. 2d 96, 101 (D. Conn. 2009) (citing Woodcock v. Journal Publ'g Co., 230 Conn. 525, 533-34, 646 A.2d 92 (1994)). The plaintiff argues that defendant Puffer stated or implied that he was guilty of the robbery. The plaintiff concedes in his Amended Complaint that he entered the bank and states that he take responsibility for his crimes. See Am. Compl. (Doc.

---

[2]The court does not address defendant Puffer's claim that his statements are protected by the neutral reportage privilege. The Second Circuit has held that the neutral reportage privilege applies to serious charges made by a prominent organization against a public figure. See Edwards v. National Audobon Soc'y, 556 F. 2d 113, 120 (2d Cir.), cert. denied, 434 U.S. 1002 (1977). For purposes of this Ruling, the court has assumed that the plaintiff is not a public figure.

6

No. 12), at 8, ¶¶ 16-17.  In his original Complaint, he specifically described his actions, stating that he walked into the bank with a note with the intent of getting arrested and alleging the he committed his crime to gain media attention.  See Compl. (Doc. No. 1), at 9, ¶¶ 1, 3.  The plaintiff also pleaded guilty to a charge of larceny.  See www.jud2.ct.gov/crdockets (last visited Mar. 7, 2013).  Thus, the plaintiff has conceded his guilt, and there can be no defamation in a statement, express or implied, that the plaintiff was guilty.

     Defendant Puffer also argues that the statements are not defamatory because he was reporting information received from official sources.  He provides the affidavit of Captain Corbett, the official spokesperson for the Waterbury Police Department.  Captain Corbett states that he provided information to defendant Puffer, either verbally or in writing, indicating that the plaintiff's name was Mark Jarecke, that he had lived in a halfway house on Cherry Street after his release from custody, and that he spent the stolen money on crack cocaine.  See Corbett Aff. (Doc. No. 37-1), Ex. 3, at 28-29, ¶¶ 9-10.  In addition, the arrest warrant application was completed by the Office of Adult Probation in the name of Mark Jarecke, although at the end of the narrative it refers to Mark Jarecke (Mark Bailey).  See (Doc. No. 37-1), Ex. 4, at 31-34.

     Defendant Puffer contends that his statements are protected by the fair comment privilege.  The privilege was established as an affirmative defense to a defamation claim to ensure that "unduly burdensome defamation laws" did not "stifle valuable public debate."  Milkovich v. Lorain Journal Co., 497 U.S. 1, 13 (1990).  In the case of a newspaper reporter, the Second Circuit has held privileged under the fair comment doctrine, statements made in a newsworthy story that were based on information from

official sources and where any deviations from that material were miniscule.  See Miller v. News Syndicate Co., 445 F.2d 356, 357-58 (2d Cir. 1971).

This fair comment or fair report privilege also has been applied in state court. See Makowski v. New Haven Register, No. CV990430252S, 2002 WL 31374285 (Conn. Super. Ct. Sept. 27, 2002).  In Makowski, the plaintiffs argued that the newspaper reporter should have independently investigated the victim's statements instead of basing the article on official reports.  The state court applied Miller and held that an arrest by a law enforcement officer is official action and a report of the fact of arrest, criminal charges and the contents of arrest warrant are protected by the fair report privilege despite the fact that the charge later was dismissed because the victim's statement to police was false.  See id. at *3-*5.  See also Burton v. American Lawyer Media, 2002 WL 31171008, at * 1 (Conn. Super. Ct. Aug. 16, 2002) ("A fair report privilege shields news organizations from defamation claims when publishing information originally based upon government reports or actions."), aff'd, 83 Conn. App. 134, 847 A.2d 1115, cert, denied, 270 Conn. 914, 853 A.2d 326 (2004).

Defendant Puffer relied on--and accurately conveyed--official statements and information from the Waterbury Police Department 's official spokesperson, defendant Corbett.  See Yohe v. Nugent, 321 F.3d 35, 43 (1st Cir. 2003) (holding that a report of an official statement from a police spokesperson fits within the fair reporting privilege). Thus, the statements are privileged.

The plaintiff argues that referring to him by his former legal name, Mark Jarecke, was defamatory.  In addition to the fact that defendant Puffer verified the plaintiff's name with defendant Corbett, this claim lacks merit.  This court could locate no decision

holding that using a former legal name constitutes defamation.  See Schuler v. McGraw-Hill Companies, Inc., 989 F. Supp. 1377, 1387 (D.N.M. 1997) (holding that referring to plaintiff using her current and former names does not constitute defamation).

## IV.    CONCLUSION

Defendant Puffer's Motion for Summary Judgment (**Doc. No. 37**) is **GRANTED**.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 12th day of March, 2013.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge