UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK BAILEY,<br>      Plaintiff, | :<br>:<br>:   PRISONER CASE NO. |
| v. | :   3:11-cv-1553 (JCH)<br>: |
| CHRISTOPHER CORBETT, et al.,<br>      Defendants. | :   MAY 8, 2013<br>: |

**RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 81)**

      The plaintiff, Mark Bailey ("Bailey"), seeks reconsideration of the Ruling granting the Motion for Summary Judgment filed by defendant Puffer.  The court will grant a motion for reconsideration only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided.  See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).Bailey cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

      Bailey first argues that defendant Puffer failed to comply with various procedural rules and deadlines.  While the court does not condone defendant Puffer's actions, the actions do not warrant denial of his Motion for Summary Judgment.  To deny the Motion for Summary Judgment for these reasons is similar to deciding a case by default.  As

the court has repeatedly informed the plaintiff, the Second Circuit prefers that cases be decided on the merits.  Deciding a case by default is reserved for extreme situations and requires that the party not complying with the rules acted with willfulness or bad faith.  Ho v. Target Construction of NY, Corp., No. 08-CV-4750(KAM)(RER), 2010 WL 2292202, at *3 (E.D.N.Y. June 3, 2010) (citations omitted); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (stating that, "we have recognized that 'dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault.' by the non-compliant litigant").

      Bailey states that the court should not have ruled on the merits of the Motion for Summary Judgment while simultaneously requiring counsel to show cause why sanctions should not be imposed for failure to file a Notice to Pro Se Litigant.  The court, however, corrected any disadvantage Bailey may have suffered by issuing a Notice to Pro Se Litigant regarding the Motion for Summary Judgment explaining to Bailey the requirements of a proper response and affording him time after it issued the Notice to file opposition papers.  See (Doc. No. 55).

      Bailey also argues that the court should not have ruled on defendant Puffer's Motion for Summary Judgment when it denied his Motion to Compel discovery from defendant Puffer.  The court denied the Motion to Compel on January 10, 2013.  The court noted that the plaintiff had filed the Motion before the deadline for defendant Puffer's response and had not filed any motion, after the deadline passed, indicating that the requested discovery had not been provided.  In addition, the plaintiff failed to comply with the court's requirement that he file a memorandum in support of his Motion

to Compel listing each item of discovery sought and explaining why the item should be allowed.  See (Doc. No. 57).  Although Bailey filed an objection to the court's Ruling, the objection focused on discovery sought from defendants Billings and Torres, not defendant Puffer.  Further, in the two months between the filing of the Ruling denying Bailey's Motion to Compel and the Ruling granting defendant Puffer's Motion for Summary Judgment, Bailey did not renew his Motion to Compel.  Thus, the record contains no suggestion that the denial of the Motion to Compel prevented Bailey from opposing the Motion for Summary Judgment.

The court decided the Motion for Summary Judgment based on the defenses asserted by defendant Puffer.  Neither in his opposition to the Motion for Summary Judgment nor in his Motion for Reconsideration, does Bailey identify any item of discovery he requested and did not receive that would negate those defenses.  Thus, he fails to demonstrate that the court overlooked any facts or law that would alter its decision.

Bailey argues that the lack of desired discovery material constitutes exceptional circumstances warranting reconsideration of the decision.  He refers the court to U.S. v. International Broth. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  In that case, however, the court was considering a motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b).  As no judgment has entered in this case, such a motion would be premature.

The plaintiff's Motion for Reconsideration (**Doc. No. 81**) is **GRANTED**.  After consideration of Bailey's arguments, the court declines to deviate from its Ruling granting defendant Puffer's Motion for Summary Judgment.

**SO ORDERED** .

Dated at New Haven, Connecticut this 8th day of May, 2013.

                                              /s/ Janet C. Hall
                                    Janet C. Hall
                                    United States District Judge